UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| HICA EDUCATION LOAN CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>KEVIN S. SMITH a/k/a KEVIN SCOTT SMITH,<br>    Defendant. | §<br>§<br>§<br>§ No._____<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

Plaintiff, HICA Education Loan Corporation ("Plaintiff"), complains of Defendant, Kevin S. Smith a/k/a Kevin Scott Smith ("Defendant"), and states the following:

### Parties

1. Plaintiff is a corporation organized, chartered, and existing under the laws of South Dakota. With respect to the claims set forth in this Complaint, Plaintiff is the transferee and/or assignee of the Student Loan Marketing Association (SLMA). Plaintiff's duly appointed and acting servicing agent is Sallie Mae, Inc., whose address is 11100 USA Parkway, Fishers, Indiana, 46038.

2. Defendant is a citizen of the state in which this judicial district is located, and maintains a residence within this judicial district. On information and belief, Defendant may be served at 1711 Holly St., NW, Washington, District of Columbia, DC 20012-1105.

### Jurisdiction and Venue

3. Jurisdiction is proper under 28 U.S.C. § 1331 because the Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff seeks enforcement of an indebtedness arising under the United States Health Education Assistance

Complaint
Page 1 of 5

Loan (HEAL) Program (42 U.S.C. §§292/294 et seq. and the Federal Regulations set forth in 42 C.F.R. Part 60, hereinafter, "the HEAL Statutes and Regulations").

4. Venue is proper under 28 U.S.C. § 1391(b)(1) because, on information and belief, the Defendant maintains a residence in this judicial district.

### Facts

5. The Defendant signed four (4) promissory notes pursuant to the provisions of the HEAL Statutes and Regulations. These promissory notes ("the Notes"), copies of which are attached hereto and incorporated herein by reference, are described as:

| System Note # | Exhibit | Date [1] | Stated Amount | Payee |
|---|---|---|---|---|
| 1 | 1 | April 16, 1991 | $5,774.00 | Bank One, Merrillville, N.A. |
| 2 | 2 | October 7, 1991 | $5,667.00 | Bank One, Merrillville, N.A. |
| 3 | 3 | October 24, 1992 | $6,705.00 | Bank One, Merrillville, N.A. |
| 4 | 4 | February 5, 1993 | $2,485.00 | Bank One, Merrillville, N.A. |

6. The sums described in these Notes were loaned and advanced to Defendant.

7. The Notes were sold, transferred, and assigned to Plaintiff by the Student Loan Marketing Association (SLMA), and, therefore, Plaintiff is the owner and/or holder of the Notes.

---

[1] The HEAL Statutes and Regulations provide, in pertinent part, "In general, [a] loan by an eligible lender shall be insurable by the Secretary under the provision of this subpart only if . . . evidenced by a note or other written agreement which . . . provides for repayment of the principal amount of the loan in installments over a period of not less than 10 years (unless sooner repaid) nor more than 25 years . . ." **42 U.S.C. §292d(a)(2)(B) (1998)**. Congress abrogated statutes of limitations governing collection on defaulted student loans. See, **20 U.S.C. §1091a(a)**.

Complaint
Page 2 of 5

*See,* attachments to Exhibits 1 through 4, which are attached hereto and incorporated herein by reference.

8. Defendant failed to make the payments that are due and owing under the terms of the Notes, and, despite demand for payment, Defendant has not repaid the sums that are due and owing under the Notes in accordance with the terms of the Notes.

## Count 1

**DEFENDANT'S DEFAULT UNDER THE TERMS OF THE NOTES ARE A VIOLATION OF THE HEAL STATUTES AND REGULATIONS AND, THEREFORE, PLAINTIFF IS ENTITLED TO JUDGMENT AGAINST DEFENDANT FOR THE SUMS THAT ARE DUE AND OWING UNDER THE TERMS OF THE NOTES.**

9. Plaintiff alleges and incorporates herein by reference paragraphs 1 through 8 above as if fully set forth herein.

10. Because Defendant has failed to make the payments that are due and owing under the terms of the Notes, Defendant is in default under the terms of the Notes and has violated the HEAL Statutes and Regulations. In this latter regard, the HEAL Statutes and Regulations expressly provide, in pertinent part, "(b) The borrower's responsibilities. * * * (2) The borrower must pay all interest charges on the loan as required by the lender or holder. * * * (4) The borrower must repay the loan in accordance with the repayment schedule." **42 C.F.R. §60.8(b)(2) & (4) (1992).**

[LEFT INTENTIONALLY BLANK]

11.According to Plaintiff's records, Defendant owes the following amounts on the Note:

| | As of | December 17, 2012 | | |
|---|---|---|---|---|
| Note # | Unpaid Principal [2] | Accrued, Unpaid Interest | Per Diem [3] | Unpaid Late Charges |
| 1 | $6,137.91 | $40.43 | $0.53 | $0.00 |
| 2 | $6,615.25 | $43.59 | $0.57 | $0.00 |
| 3 | $6,451.18 | $42.50 | $0.56 | $0.00 |
| 4 | $2,359.96 | $15.55 | $0.21 | $0.00 |

12.In addition to the damages sustained by Plaintiff as a result of Defendant's default under the terms of the Notes (as set forth in the preceding paragraph), Plaintiff is entitled to recover from the Defendant under the terms of the Notes, other charges, costs, and fees set forth in and described in the Notes, including attorney's fees, and all other fees, costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due.

---

[2]Plaintiff has applied and/or allowed to Defendant all payments, offsets, and credits to which Defendant is entitled. Therefore, if the current "Unpaid Principal" of the note exceeds the original stated principal amount of the note, then Plaintiff refers the Court to the note which provides, in pertinent part, "Interest which has accrued and is not paid may be added to the principal sum of this Note not more frequently than every six months." The cited interest capitalization provision is allowed and authorized by the HEAL Statutes and Regulations. *See,* **42 U.S.C. §292d(a)(2)(D) (1998)**.

[3]The note contractually provides for the accrual of interest at a variable rate, which rate is calculated by the Secretary of the Department of Health and Human Services (Secretary) for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest 1/8 of 1 percent. *See,* **42 U.S.C. §292d(a)(2)(D) and (b) (1998)**. Thus, interest continues to accrue from and after the date stated above at a per diem rate that is subject to change based upon the notifications that are received from the Secretary.

13. Because Plaintiff is the current owner and/or holder of the Notes, it is entitled to receive all monies and sums that are due and owing under the terms of the Notes.

14. **Notice to Defendant:** This is an attempt to collect a debt. Any information obtained will be used for that purpose.

### Prayer for Relief

**WHEREFORE**, Plaintiff requests judgment and damages against Defendant for actual damages, including (1) unpaid principal, (2) accrued, unpaid, prejudgment interest calculated in accordance with the terms of the Notes and (3) accrued, unpaid late charges, as applicable, with post-judgment interest on these amounts at the variable rate set forth in the Notes[4]. Additionally, Plaintiff requests an order awarding Plaintiff its attorney's fees (including contingent appellate attorney's fees) and costs of court. Finally, Plaintiff requests such other and further relief to which Plaintiff may be entitled, at law or in equity.

Dated this 28 day of March, 2013.

Respectfully submitted,

WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.

Jeffrey M. Lippman, Esq., Bar #023972
4 Reservoir Circle
Baltimore, MD 21208-7301
(t) 410.559.9000
(f) 410.559.9009
(e) Jml@weinstocklegal.com
Attorneys for Plaintiff

---

[4] Plaintiff requests post-judgment interest at the contractual variable rate under the authority of the HEAL Statutes and Regulations, which provide, in pertinent part, "(d) Applicability of certain laws on rate or amount of interest. No provision of any law of the United States (other than subsections (a)(2)(D) and (b) of this section) or of any State that limits the rate or amount of interest payable on loans shall apply to a loan insured under this subpart." **42 U.S.C. §292d(d) (1998).**

Complaint
Page 5 of 5